### UNITED STATES v. RAINEY.
### No. 17792.

United States District Court
W. D. Missouri, W. D.

Oct. 27, 1950.

See, also, D.C., 10 F.R.D. 431.

John Mitchell and Charles Mahaffie, Sp. Assts, to Atty. Gen., Sam M. Wear, U. S. Atty., Kansas City, Mo., for plaintiff.

George H. Maitland and Henry L. Jost, Jr., Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The motion to dismiss and to suppress in this case is based on the circumstance, that, long after the indictment had been returned, the defendant was summoned before a Congressional Committee engaged in investigating criminal activities in the Western District of Missouri. According to the motion and the data submitted, the defendant appeared in accordance with subpoena before said Congressional Committee, and, through counsel objected to any revelations by him that might tend to incriminate, and specific objections were made to certain inquiries.

It is provided by Section 3486, Title 18 U.S.C.A. that evidence given by a witness, "before either House, or before any committee of either House," shall not be used as evidence in any criminal proceeding against him in any court. Quite clearly, this statute protects the accused and it would only be necessary for his counsel to interpose an objection if testimony taken before the Congressional Committee should be offered at the trial.

The evidence complained against had nothing to do with the indictment returned against the defendant, and, moreover, under an express statute, the evidence elicited at the Congressional Committee hearing cannot be used against the defendant.

Under such circumstances, all of the rights of the defendant are protected, and, since he cannot be hurt in any way by the revelations made to the Congressional Committee, the motion to dismiss and to suppress should be and will be overruled.